# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAUL S. METZ JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1418**  (BOR Appeal No. 2045697)
(Claim No. 2010101951)

**DEBARR TRUCKING COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul S. Metz Jr., by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. DeBarr Trucking Company, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 3, 2011, in which the Board reversed a March 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 12, 2009, decision denying compensability for Mr. Metz's back injury, because it was not received in the course of his employment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Metz was employed by DeBarr Trucking Company as a truck driver. Mr. Metz alleges that on August 3, 2009, he received an injury to his lower back when the truck he was driving hit a pothole, shaking his entire truck. Mr. Mertz did not report the injury to Debarr Trucking Company but the following day, Mr. Metz went to Dr. Herrmann, complaining of lower back pain. Dr. Herrmann's treatment notes indicated that Mr. Metz suffered from chronic intermittent low back pain and left lumbar radiculopathy. Dr. Herrmann further indicated that Mr. Metz's condition was the result of an aggravation of prior back problems. The claims

administrator denied Mr. Metz's claim on August 12, 2009, stating that the injury was not received in the course of and resulting from his employment. The Office of Judges reversed the claims administrator's decision on March 10, 2011, concluding that Mr. Metz had a new injury and found that the claim was compensable for a lumbar strain injury. But the Board of Review reversed the Office of Judges' Order on October 3, 2011, leading to this appeal.

The Office of Judges concluded that a preponderance of the evidence weighed in favor of finding that Mr. Metz had suffered a new injury, on August 2, 2009, in the course of his employment at DeBarr Trucking Company, which caused a lumbar strain. The Office of Judges found that Mr. Metz had a chronic and recurring history of lower back pain. The Office of Judges found that Mr. Metz suffered from a lumbar strain with radiculopathy in December of 2001. The Office of Judges found that Mr. Metz's chronic back problems required two surgeries. The Office of Judges also found that Dr. Byler, requested that Mr. Metz be excused from work for medical reasons immediately prior to Mr. Metz's alleged August 3, 2009, injury. But the Office of Judges was persuaded by Mr. Metz's testimony.

The Board of Review concluded that the Office of Judges was clearly wrong in view of the preponderance of the evidence on record. The Board of Review found that Mr. Metz did not demonstrate that he received a new injury on August 3, 2009. The Board of Review was persuaded by the treatment notes of Dr. Herrmann, on August 4, 2009, which makes no reference to a new injury but explicitly attributes Mr. Metz's symptoms to an aggravation of a prior injury. The Board of Review found that the evidence in the record did not establish that Mr. Metz's condition was causally related to a personal injury received in the course of and resulting from his employment at DeBarr Trucking Company.

We agree with the conclusions of the Board of Review. Mr. Metz has not demonstrated that he suffered a new injury to his lumbar spine on August 3, 2009. The treatment notes of Dr. Herrmann do not causally link Mr. Metz's symptoms to the alleged August 3, 2009, incident and Mr. Metz's own testimony is insufficient, in light of his chronic history of lower back pain, to establish that he suffered an injury in the course of his employment. West Virginia Code § 23-4-1(a) (2008).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

Justice Menis E. Ketchum
Justice Allen H. Loughry II